## SUMMARY AND REQUEST FOR ORAL ARGUMENT

Petitioner/Appellee Charles Russell Rhines ("Rhines") faces a death sentence on a state court conviction for burglary and first degree murder arising out of a homicide at a doughnut shop. After a direct appeal to the South Dakota Supreme Court and a state habeas corpus petition ultimately denied by the South Dakota Supreme Court, Rhines started this federal habeas corpus action. At the time Rhines started this action in February of 2000, only 8 to 14 days had run on the one year statute of limitations under 28 U.S.C. § 2244(d).

Respondent/Appellant moved to dismiss the Petition for lack of complete exhaustion. The Honorable Karen E. Schreier of the United States District Court for the District of South Dakota, entered an Order dated July 3, 2002, determining that three of the grounds challenged by the State were indeed exhausted, determining that certain other grounds raised in the Petition were not exhausted, and staying in light of <u>Duncan v. Walker</u>, 533 U.S. 167 (2001), the action pending commencement by Rhines of a state court habeas action within sixty days of the Order.

This Court should reject the Respondent/Appellant's appeal because of the Order at issue is not final and should not be appealable under the collateral order doctrine. If this Court reaches the issue, the district court did not err in finding that certain grounds of the Petition are exhausted. Finally, the district

i

court, in light of <u>Duncan v. Walker</u>, 533 U.S. 167 (2001), and cases decided thereafter, was within its discretion to stay the federal habeas case pending completion of the second state habeas case.

Rhines requests thirty minutes to argue this case.

Appellate Case: 02-2990    Page: 2    Date Filed: 12/12/2002 Entry ID: 1590431

# TABLE OF CONTENTS

SUMMARY AND REQUEST FOR ORAL ARGUMENT ............................. i

TABLE OF CONTENTS .................................................... iii

TABLE OF AUTHORITIES .................................................. iv

JURISDICTIONAL STATEMENT ............................................ viii

PRELIMINARY STATEMENT ................................................ ix

STATEMENT OF THE ISSUES ..............................................x

STATEMENT OF THE CASE ................................................1

SUMMARY OF ARGUMENT ................................................4

CONCLUSION............................................................28

Appellate Case: 02-2990    Page: 3    Date Filed: 12/12/2002 Entry ID: 1590431

# TABLE OF AUTHORITIES

**Cases**

Bermudez v. Smith,
    797 F.2d 108 (2d. Cir. 1986) .......................................................................6

Booth v. Maryland,
    42 U.S. 496 (1987)...................................................................................18

Carmichael v. White,
    163 F.3d 1044 (8th Cir. 1998) ......................................... 4, 6, 7, 8, 20, 21, 22

Castille v. Peoples,
    489 U.S. 346 (1989)..................................................................................12

Catlin v. United States,
    324 U.S. 229 (1945)...................................................................................6

Christy v. Horn,
    115 F.3d 201 (3rd Cir. 1997) ............................................................... 4, 7, 8

Cohen v. Beneficial Indus. Loan Co.,
    337 U.S. 541 (1949)............................................................... 6, 7, 8, 10

Collins v. Miller,
    252 U.S. 364 (1920)...................................................................................6

Coopers & Lybrand,
    437 U.S. at 463........................................................................................9

Davis v. Georgia,
    429 U.S. 122 (1976)..................................................................................13

Delaney v. Matesenz,
    264 F.3d 7 (1st Cir. 2001)..................................................................... 5, 24

Drake v. Scott,
    812 F.2d 395 (8th Cir. 1987) ................................................................ 10, 11

Duncan v. Walker,
    533 U.S. 167 (2001)...............................3, 4, 5, 19, 20, 22, 23, 24, 25, 27, 28

iv

Appellate Case: 02-2990    Page: 4    Date Filed: 12/12/2002 Entry ID: 1590431

Firestone Tire & Rubber Co. v. Risjord,
    449 U.S. 368 (1981)................................................................10

Ford v. Hubbard,
    305 F.3d 875 (9th Cir. 2002) ........................................24

Gideon v. Wainwright,
    372 U.S. 335 (1963)................................................................14

Graham v. Solem,
    728 F.2d 1533 (8th Cir. 1984) ............................... 12, 18

Gray v. Mississippi,
    41 U.S. 648  (1987)..................................................... 13, 14, 15

Griffin v. Rogers,
    308 F.3d 647 (6th Cir. 2002) ........................................24

Gulfstream Aerospace Corporation v. Mayacamas Corp.,
    485 U.S. 271 (1988)..................................................... 4, 6, 7

Hatcher v. Hopkins,
    256 F.3d 761 (8th Cir. 2001) ........................................25

Hunt v. Hopkins,
    266 F.3d 934 (8th Cir. 2001) ..........................................9

Idlewild [Liquor Corp. v. Epstein,
    370 U.S. 713 (1962)..................................................................8

Jackson v. Weber,
    637 N.W. 2d 19 (S.D. 2001) ...................................... 3, 19

Keeney v. Tamayo-Reyes,
    504 U.S. 1 (1992)................................................................12

Kelly v. Trickey,
    844 F.2d 557 (8th Cir. 1998) ............................... 5, 13, 16, 18

Kreutzer v. Bowersox,
    231 F.3d 460 (8th Cir. 2000) ........................................25

Appellate Case: 02-2990   Page: 5   Date Filed: 12/12/2002 Entry ID: 1590431

Malloy v. Hogan,
378 U.S.1, 6-7 (1964) ...................................................14

Mapp v. Ohio,
367 U.S. 643 (1961) .....................................................14

Mitchell v. Forsyth,
472 U.S. 511 (1985)......................................................11

Morgan v. Illinois,
504 U.S. 719 (1992).....................................................15

Moses H. Cohen Memorial Hospital v. Mercury Construction Corp.,
460 U.S. 1 (1983)......................................................4, 9

Neverson v. Bissonnette,
261 F.3d 120 (1st Cir. 2001)...........................................24

Newell v. Hanks, 283 F.3d 827 (7th Cir. 2002) .....................................24

Nowaczyk v. Warden, New Hampshire State Prision,
299 F.3d 69 (1st Cir. 2002)...........................................24

Palmer v. Carlton,
276 F.3d 777 (6th Cir. 2001) ......................................5, 24

Picard v. Connor,
404 U.S. 270 (1971)......................................................11

Pointer v. State of Texas,
380 U.S. 400 (1965).....................................................14

Rhines v. Weber,
608 N.W.2d 303 (S.D. 2000) ...........................................2

Richardson-Merrell, Inc. v. Koller,
472 U.S. 424 (1985).....................................................7, 9

Rose v. Lundy,
455 U.S. 509 (1982)......................................... 21, 23, 25, 26

State v. Hansen,
407 N.W.2d 217 (S.D. 1987).........................................15

vi

Appellate Case: 02-2990    Page: 6    Date Filed: 12/12/2002 Entry ID: 1590431

State v. Rhines,
548 N.W.2d 415 (S.D. 1996) .................................................. 1, 15, 16, 17, 18

Stewart v. Bishop,
403 F.2d 674 (8th Cir. 1968) ...........................................................6

Sumner v. Mata,
455 U.S. 591(1982)..........................................................................9

United States v. Goldman,
228 F.3d 942 (8th Cir. 2000) ........................................................20

Vasquez v. Hillery,
474 U.S. 254 (1986)........................................................................12

Victor v. Hopkins,
90 F.3d 276 (8th Cir. 1996) ............................................. 20, 21, 22

Witherspoon v. Illinois,
391 U.S. 510 (1968)........................................... 13, 14, 15, 16, 17

Wright v. South Arkansas Regional Healthcare Center, Inc.,
800 F.2d 199 (8th Cir. 1986) ........................................................10

Zarvela v. Artuz,
254 F.3d 374 (2d. Cir. 2001) ....................................... 5, 24, 25, 26

Appellate Case: 02-2990     Page: 7     Date Filed: 12/12/2002 Entry ID: 1590431

# JURISDICTIONAL STATEMENT

The district court's jurisdiction in this matter arose pursuant to 28 U.S.C. §§ 2241 and 2254, as this case involves a Petition for Writ of Habeas Corpus following a state court conviction.

Rhines disagrees with Respondent/Appellant's contention that jurisdiction for the appeal arises under 28 U.S.C. § 2253, because section 2253 does not support appeal to this court of something other than a final order. Section 2253 (a), in relevant part, states: "In a habeas corpus proceeding . . . before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held."

The parties differ over whether the collateral order doctrine of <u>Cohen v. Beneficial Industrial Loan Co.</u>, 337 U.S. 541 (1949), justifies an appeal of any of the issues in the Order filed July 3, 2002, determining which claims were and were not exhausted and choosing to stay the federal habeas corpus action pending timely filing of a second state habeas corpus action. That issue is addressed in Section I of the Argument herein.

Appellate Case: 02-2990     Page: 8     Date Filed: 12/12/2002 Entry ID: 1590431

## PRELIMINARY STATEMENT

This Brief will use the following reference system:

Petitioner/Appellee Charles Russell Rhines . . .        "Rhines"

Respondent/Appellant Douglas Weber, Warden,
South Dakota State Penitentiary . . .        "The State"

Joint Appendix . . .        "J. A." followed by appropriate
        page reference

Addendum to this Brief . . .        "Rhines Add." followed by
        appropriate page reference

Appellate Case: 02-2990    Page: 9    Date Filed: 12/12/2002 Entry ID: 1590431

# **STATEMENT OF THE ISSUES**

I.     Does this Court have jurisdiction under the collateral order doctrine over an order determining which claims of a habeas petitioner are exhausted and staying the federal action pending exhaustion in state court of unexhausted claims?

Gulfstream Aerospace Corporation v. Mayacamas Corp., 485 U.S. 271 (1988).
Richardson-Merrell, Inc. v. Koller, 472 U.S. 424 (1985).
Carmichael v. White, 163 F.3d 1044 (8th Cir. 1998).

II.     If there is jurisdiction to consider the issue, did the district court err in holding that certain of the grounds presented in Rhines' petition were exhausted?

Picard v. Connor, 404 U.S. 270 (1971).
Graham v. Solem, 728 F.2d 1533 (8th Cir. 1984), cert. denied, 469 U.S. 842.
Kelly v. Trickey, 844 F.2d 557 (8th Cir. 1988).

III.     If there is jurisdiction to consider the issue, did the district court err in following the approach authorized by concurring opinions in Duncan and thus granting a stay of the federal case under the circumstances?

Duncan v. Walker, 533 U.S. 167 (2001).
Zarvela v. Artuz, 254 F.3d 374 (2nd Cir. 2001), cert. denied.
Palmer v. Carlton, 276 F.3d 777 (6th Cir. 2002).
Nowaczyk v. Warden, 299 F.3d 69 (1st Cir. 2002).

x

## STATEMENT OF THE CASE

Petitioner/Appellee Charles Russell Rhines ("Rhines") was convicted in the Circuit Court for Pennington County, South Dakota, of third degree burglary and first degree murder on January 22, 1993. The conviction arose out of an after-hours burglary of a doughnut shop on March 8, 1992, during which an employee named Donnivan Schaeffer was killed. Rhines was sentenced to death by lethal injection.

Rhines appealed the conviction and sentence to the South Dakota Supreme Court. The South Dakota Supreme Court found that the South Dakota's aggravating circumstance of "depravity of mind" was unconstitutional in that it did not adequately channel the sentencing jury's discretion. State v. Rhines, 548 N.W.2d 415, 448-449 (S.D. 1996), cert. denied, 519 U.S. 1013; J.A. 273-274. Nevertheless, the South Dakota Supreme Court determined that the invalidity of this aggravating circumstance did not merit reversal of the death sentence, and otherwise affirmed the judgment. State v. Rhines, 548 N.W.2d 415 (S.D. 1996), cert. denied, 519 U.S. 1013; JA 240-287.

Rhines then promptly filed a state court habeas corpus action. J.A. 511-520. Both the trial court and the South Dakota Supreme Court denied habeas corpus relief to Rhines. J.A. 617-618; 867-879; Rhines v. Weber, 608 N.W.2d

1

303 (S.D. 2000). Through the direct appeal and the state habeas corpus case, Rhines presented many constitutional challenges to his conviction and sentence. See J.A. 48-65; J.A. 288-339; J.A. 378-395; J.A. 396-424; J.A. 880-913.

On February 22, 2000, Rhines filed a pro se petition under 28 U.S.C. § 2254 for habeas corpus relief in the United States District Court for the District of South Dakota. Because of the prompt filings by Rhines, at that time, according to the State's own analysis, "only eight (or fourteen) days [had] run on the Section 2244 one year statute of limitations." J.A. 40-41.

After the undersigned attorneys were appointed to handle Rhines' federal habeas corpus action, Rhines filed his First Amended Petition For Writ of Habeas Corpus and Statement of Exhaustion, which raised thirteen general grounds, some with subparts, challenging claimed constitutional defects in Rhines' conviction and sentence. J.A. 48-65. The State filed a motion to dismiss challenging as unexhausted all or part of several grounds of the First Amended Petition. J.A. 67. Consistent with the district court's procedural orders, Rhines and the State briefed issues relating to exhaustion and the State's motion to dismiss. See J.A. 34-222. Both in the First Amended Petition and in briefing, Rhines acknowledged that Ground 2(B), Ground 12,

Appellate Case: 02-2990    Page: 12    Date Filed: 12/12/2002 Entry ID: 1590431

and Ground 13 had not been exhausted, but attributed the failure to exhaust those grounds to ineffective assistance of counsel.[1]  J.A. 94-118.

The Order from which the State appeals was filed on July 3, 2002, and is attached as an Addendum to this Brief.  The Honorable Karen E. Schreier ruled in the Order that that Grounds 2(A), 3, 4, and 10 of the First Amended Petition had been exhausted.  Judge Schreier also decided that Grounds 2(B), 6(E), 9(B), (H), (I), and (J), 12 and 13 had not been exhausted.  When Judge Schreier issued the Order, Rhines' federal habeas corpus petition had been pending for over sixteen months.  Based on language in concurring opinions of Justice Souter and Justice Stevens in  Duncan v. Walker, 533 U.S. 167 (2001), and based on cases from federal courts of appeals for the First, Second, and Sixth Circuits decided after Duncan, Judge Schreier stayed the federal habeas petition, conditioned upon Rhines commencing a state court habeas petition within 60 days to exhaust the previously unexhausted grounds.  J.A. 230-232; Rhines Add. at 8-10.  Rhines subsequently has started such an action.

---

[1] In a recent case, the South Dakota Supreme Court has recognized a right to effective assistance of counsel in state habeas corpus proceedings.  Jackson v. Weber, 637 N.W.2d 19 (S.D. 2001).

3

## SUMMARY OF ARGUMENT

First, Rhines submits that the collateral order doctrine does not justify exercising appellate jurisdiction over an order that determines which claims are exhausted and stays a federal habeas case affected by the holding in Duncan v. Walker, 533 U.S. 167 (2001). This Court's decision in Carmichael v. White, 163 F.3d 1044 (8th Cir. 1998), predates Duncan and relies upon the analysis in Christy v. Horn, 115 F.3d 201 (3rd Cir. 1997). The Christy decision, Rhines submits, misapplied Moses H. Cohen Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1 (1983) in deciding that stays of federal habeas corpus actions were ripe for appeal under the collateral order doctrine. United States Supreme Court decisions such as Gulfstream Aerospace Corporation v. Mayacamas Corp., 485 U.S. 271 (1988) indicate that this stay is not a final decision, is inherently tentative, and thus not appealable.

Second, a decision as to what grounds are exhausted or not exhausted does not qualify for review under the collateral order doctrine under any circumstances. If this Court reaches the merits of the exhaustion issues, the district court determination that Rhines previously had exhausted certain grounds in state court proceedings is sound, because Rhines has variously referenced the specific federal constitutional right, particular constitutional provision, or a federal constitutional case and thereby raised the federal

4

constitutional issue in state court proceedings.  <u>Kelly v. Trickey</u>, 844 F.2d 557, 558 (8th Cir. 1998).

Third, the district court did not err in staying this action rather than dismissing the Petition.  Dismissing the Petition would have the draconian effect under <u>Duncan v. Walker</u>, 533 U.S. 167 (2001) of precluding federal review of Rhines' constitutional claims, because under <u>Duncan</u>, the one year statute of limitations of 28 U.S.C. § 2244(d) was not tolled during the one year plus while Rhines' federal habeas petition had been pending.  The district court acted appropriately in staying the federal habeas petition, consistent with what Justices Souter and Stevens had suggested in their concurrences in <u>Duncan v. Walker</u>, 533 U.S. 167 (2001), and consistent with what court of appeals decisions subsequent to <u>Duncan</u> have condoned and even encouraged.  <u>Zarvela v. Artuz</u>, 254 F.3d 374, 380 (2d. Cir. 2001); <u>Palmer v. Carlton</u>, 276 F.3d 777, 781 (6th Cir. 2001); <u>Delaney v. Matesenz</u>, 264 F.3d 7, 15 n.5 (1st Cir. 2001).

## <u>ARGUMENT</u>

## I.    THE COLLATERAL ORDER DOCTRINE DOES NOT JUSTIFY JURISDICTION HERE.

### A.   <u>No "final decision" exists here.</u>

The jurisdiction of a federal court of appeals is confined under 28 U.S.C. § 1291 to "final decisions" and under 28 U.S.C. § 2253 to a "final order."  A final decision or final order has long been understood as one that "ends

5

litigation on the merits and leaves nothing for the court to do but execute the judgment."  Catlin v. United States, 324 U.S. 229, 233 (1945); see also Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 275 (1988).

The final judgment rule applies with full force to habeas corpus cases. Collins v. Miller, 252 U.S. 364, 370-71 (1920).  In Collins, the United States Supreme Court reasoned as follows:

> A case may not be brought here by appeal or writ of error in fragments. To be appealable, the judgment must be not only final, but complete…And the rule requires that the judgment to be appealable should be final not only as to all the parties, but as to the whole subject-matter and as to all the causes of action involved…Only one branch of the case has been finally disposed of below; therefore none of it is ripe for review by this Court.

Id. at 370-371; see also Bermudez v. Smith, 797 F.2d 108, 109-10 (2d. Cir. 1986) (no final order exists when only certain claims have been dismissed in a habeas corpus case); Stewart v. Bishop, 403 F.2d 674 (8th Cir. 1968) (strict application of final decision rule in habeas corpus context).

**B.**   **The Collateral Order Doctrine, under a proper application of United States Supreme Court authority, does not justify jurisdiction over this appeal.**

Rhines acknowledges that this Court in Carmichael v. White, 163 F.3d 1044 (8th Cir. 1998), determined that a district court's stay of a federal habeas corpus action qualified for appeal under the "collateral order doctrine" of Cohen v. Beneficial Indus. Loan Co., 337 U.S. 541 (1949).  In reaching that

6

decision in Carmichael, the Court relied upon Christy v. Horn, 115 F.3d 201 (3rd Cir. 1997), and engaged in what Rhines submits was a cursory analysis of the three Cohen factors. See Carmichael, 163 F.3d at 1045. A proper application of the United States Supreme Court authority does not justify exercising jurisdiction for appeal of the order in this case.

The United States Supreme Court in Cohen established the collateral order doctrine, but recognized that only a "small class" of collateral orders is appealable. Cohen, 337 U.S. at 546. The United States Supreme Court has made clear that the collateral order doctrine is to be a "narrow exception" to the final judgment rule. Richardson-Merrell, Inc. v. Koller, 472 U.S. 424, 430 (1985). To satisfy the collateral order doctrine, an order must meet each of the following criteria: 1) It conclusively determines a disputed question; 2) It resolves an important issue completely separate from the merits of the case; and 3) It is effectively unreviewable on appeal from a final judgment. Richardson-Merrell, 472 U.S. at 431; Gulfstream, 485 U.S. at 276. The Order from Judge Schreier does not satisfy the first of these three requirements.

The first requirement is "conclusiveness," meaning that the order finally resolves a disputed question. Gulfstream, 485 U.S. at 276-277. The Christy case (on which this Court relied in Carmichael) did not follow the reasoning of Gulfstream, 485 U.S. 271 (1988) (denial of a stay is not a final decision and is

7

inherently tentative). Rather, the <u>Christy</u> decision (on which <u>Carmichael</u> relies) turned to <u>Moses H. Cohen Mem. Hosp. v. Mercury Constr. Corp</u>., 460 U.S. 1 (1983) to reason that a stay of a habeas corpus case satisfies the conclusiveness prong of the <u>Cohen</u> test. In reality, <u>Moses H. Cohen</u>, in which the United States Supreme Court applied the <u>Cohen</u> doctrine to reverse a district court stay of a federal case seeking to compel arbitration in favor of a state court case attempting to avoid arbitration, turned on the conclusion that the federal court was inappropriately and forever surrendering jurisdiction of a federal suit to state court. <u>Moses H. Cohen</u>, 460 U.S. at 10. The Court in <u>Moses H. Cohen</u>, in evaluating whether the conclusiveness prong of the <u>Cohen</u> test was met, reasoned:

> Hence, a stay of the federal suit pending resolution of the state suit meant that there would be no further litigation in the federal forum; the state court's judgment on the issue would be res judicata. Thus, here, even more surely than in <u>Idlewild</u> [<u>Liquor Corp. v. Epstein</u>, 370 U.S. 713 (1962)], Mercury [the party whose federal court case was stayed] was "effectively out of court." Hence, as the court of appeals held, this stay order amounts to a dismissal of the suit.

<u>Moses H. Cohen</u>, 460 U.S. at 10.

Judge Schreier's stay of Rhines' federal habeas case is dramatically different than the stay in <u>Moses H. Cohen</u>. The stay of Rhines' case does not mean "there would be no further litigation in the federal forum" and does not amount "to a dismissal of the suit," as was the concern in <u>Moses H. Cohen</u>.

8

See id. at 10. Indeed, Judge Schreier's order, to the contrary, contemplates that the stay extends to allow Rhines "to exhaust state court remedies" and allow a later return to federal court without being barred by the time limitation of section 2244(d). J.A. 322; Rhines Add. at 10. Unlike in Moses H. Cohen, the state court judgment will not be res judicata in the federal case. Sumner v. Mata, 455 U.S. 591, 597 (1982) (federal courts sitting in habeas case are not necessarily bound by state court findings).

The very language of Judge Schreier's Order indicates that it is not "conclusive." The Order denies the State's motion to dismiss "without prejudice." J.A. 231; Rhines Add. at 9. The stay itself is conditional "upon Petitioner commencing state court exhaustion proceedings within sixty days of this Order and returning to this Court within sixty days of completing such exhaustion." J.A. 232; Rhines Add. at 10. Judge Schreier has retained jurisdiction through the stay, has the authority to alter the Order at any time, and could rescind the stay if Rhines fails to continue the state habeas action or unreasonably delays the state habeas action. It is not enough for the State to argue that the Order conclusively determines that the stay was appropriate to grant; such an argument could be used to bypass the final decision rule in nearly every instance. See Richardson-Merrell, 472 U.S. 424, Coopers & Lybrand, 437 U.S. at 463; cf., Hunt v. Hopkins, 266 F.3d 934 (8th Cir. 2001)

9

(in habeas case, a decision to allow a third amended petition and deem it to relate back to the date of the filing of the second amended petition is not an appealable final order).

The portion of the Order concerning what claims are exhausted or unexhausted certainly is not appealable under the collateral order doctrine, and the State makes no argument that it is. A determination of whether certain claims are exhausted flunks the third element of the <u>Cohen</u> test of being effectively unreviewable on appeal from a final judgment. <u>See</u> <u>Firestone Tire & Rubber Co. v. Risjord</u>, 449 U.S. 368, 376-77 (1981).

### C.    <u>Exhaustion issues are not reviewable under a "closely related" argument.</u>

The State advances the argument that if the Court applies the collateral order doctrine to exercise jurisdiction and consider the question of the propriety of the stay, then the Court should consider whether the district court properly ruled on exhaustion issues under an assertion that such issues are "closely related." In support of that argument, the State cited three decisions from this Court that all involve a state agency appealing from a denial of a motion for summary judgment based on a qualified immunity defense. <u>Drake v. Scott</u>, 812 F.2d 395 (8th Cir. 1987); <u>Reed v. Woodruff County</u>, 7 F.3d 808 (8th Cir. 1993); <u>Wright v. South Arkansas Regional Healthcare Center, Inc.</u>, 800 F.2d 199 (8th Cir. 1986). In such cases, <u>Mitchell v. Forsyth</u>, 472 U.S. 511

10

(1985), appears to allow an appeal. The decisions that the State cites allow consideration, on an appeal under <u>Mitchell</u>, of an issue (like the existence of a property interest) that is "analytically antecedent to, and in a sense also pendent to, the qualified-immunity issue that is concededly properly here under <u>Mitchell</u>." <u>Drake</u>, 812 F.2d at 399. These decisions do not stand for the proposition that, even if this Court were to consider the propriety of the stay, the district court rulings on what claims are exhausted can likewise be considered. Even if this line of authority applied to habeas cases, Judge Schreier's decision that certain challenged grounds were exhausted in state court is not "analytically antecedent to, and in a sense also pendent to," the propriety of the stay. <u>Cf.</u> <u>Drake</u>, 812 F.2d at 399.

## II. THE DISTRICT COURT PROPERLY RULED ON EXHAUSTION ISSUES.

### A. <u>Exhaustion Standard</u>.

The exhaustion requirement is codified at 28 U.S.C. § 2254(b). In <u>Picard v. Connor</u>, 404 U.S. 270 (1971), the United States Supreme court explained the exhaustion required:

> …Once the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied . . . Only if the state courts have had the first opportunity to hear the claims sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts.

11

Id. at 275-276.  The Court cautioned however:

> Hence, we do not imply that respondent could have raised the equal
> protection claim only by citing "book and verse of the federal
> Constitution."  We simply hold that the substance of a federal habeas
> corpus claim must first be presented to the state courts.

Id. at 277-78 (citations omitted).

In subsequent cases, the Supreme Court has made clear that the purpose of the exhaustion doctrine is "to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary."  Vasquez v. Hillery, 474 U.S. 254, 257 (1986).  The Supreme Court has also stated:  "The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court."  Keeney v. Tamayo-Reyes, 504 U.S. 1, 10 (1992).  The Supreme Court has acknowledged that a petitioner can exhaust a claim either by direct appeal of a conviction or through a state habeas petition, and that the failure of the state court to directly address a constitutional claim does not mean that the claim is not exhausted. Castille v. Peoples, 489 U.S. 346, 350-51 (1989).

In Graham v. Solem, 728 F.2d 1533 (8th Cir. 1984), cert. denied, 469 U.S. 842, this Court stated:

12

> Citation to a provision of the federal Constitution or a case addressing the constitutional basis of a claim, or a discernible reference to a federal constitutional right is all that is normally required.

Id. at 1535-36. That is, a petitioner may satisfy the exhaustion requirement by reference to either "a federal constitutional case, or a state case raising a pertinent federal constitutional issue" in proceedings in state court. Kelly v. Trickey, 844 F.2d 557, 558 (8th Cir. 1988).

## B. Ground Two(A) of the Petition Was Exhausted.

Ground Two (A) of the First Amended Petition states:

> The rights of Mr. Rhines to due process, an impartial jury, and to equal protection of the law were violated by exclusion for cause of two prospective jurors: A) Diane Staeffler . . .

On the direct appeal of his conviction, Rhines raised the exclusion of Diane Staeffler for cause and cited directly to Witherspoon v. Illinois, 391 U.S. 510 (1968). J.A. 294, 305, 306. Rhines also cited to Davis v. Georgia, 429 U.S. 122 (1976); and Gray v. Mississippi, 41 U.S. 648 (1987). J.A. 306.

The State challenges as unexhausted Rhines' reference to the equal protection clause of the Fourteenth Amendment to the United States Constitution) in Ground 2A. The State acknowledges that Rhines' due process claim and claim of violation of the Sixth Amendment to impartial jury are indeed exhausted. The equal protection and due process provisions of the Fourteenth Amendment provide the vehicle by which the due process

13

protection of the Fifth Amendment and the right to impartial jury of the Sixth Amendment are made applicable to the states. <u>Pointer v. State of Texas</u>, 380 U.S. 400, 401-403 (1965); <u>Malloy v. Hogan</u>, 378 U.S.1, 6-7 (1964); <u>Gideon v. Wainwright</u>, 372 U.S. 335, 341-343 (1963); <u>Mapp v. Ohio</u>, 367 U.S. 643, 656-57 (1961).

The United States Supreme Court cases cited by Rhines in his direct appeal recognize that the Fourteenth Amendment is implicated by exclusion of jurors for cause based on their expression of scruples against infliction of the death penalty. In <u>Witherspoon</u>, the United States Supreme Court reversed imposition of the death penalty when potential jury members were eliminated for cause because they voiced general objections to the death penalty or expressed conscientious or religious scruples against its imposition. The Supreme Court in <u>Witherspoon</u> reasoned:

> But it is self-evident that, in its role as arbiter of the punishment to be imposed, this jury fell woefully short of that impartiality to which the petitioner was entitled under the Sixth and <u>Fourteenth</u> Amendments.

<u>Witherspoon</u>, 391 U.S. at 518 (emphasis supplied).

Likewise, in the <u>Gray</u> case, the United States Supreme Court reversed a conviction where a juror was improperly excluded for cause after being initially equivocal and ultimately stating that she could consider the death penalty in an appropriate case. The United States Supreme Court in <u>Gray</u>

14

likewise relied upon the Fourteenth Amendment as well as the Sixth

Amendment right to a fair and impartial jury.  Gray, 41 U.S. at 658.

The South Dakota Supreme Court, in the direct appeal in State v. Rhines,

548 N.W.2d 415 (S.D. 1996), cert. denied 519 U.S. 1013, recognized that the

Fourteenth Amendment was implicated in Rhines' challenge to the exclusion

of Diane Staeffler for cause.  Part of the Court's opinion on the issue read as

follows:

> Both the United States and South Dakota Constitutions guarantee trial by
> an impartial jury.  State v. Hansen, 407 N.W.2d 217, 220 (S.D. 1987)
> (citing U.S. Const. Amend. VI; S.D. Const. Art. VI, 7; SDCL 23A-16-
> 3); Morgan v. Illinois, 504 U.S. 719, 728, 112 S.Ct. 2222, 2229, 119
> L.Ed.2d 492, 502 (1992) (holding the Sixth and Fourteenth Amendments
> to the United States Constitution require "the impartiality of any jury
> that will undertake capital sentencing"). . . In Witherspoon, the court
> held: "[A] sentence of death cannot be carried out if the jury that
> imposed or recommended it was chosen by excluding veniremen for
> cause simply because they voiced general objections to the death penalty
> or expressed conscientious or religious scruples against its infliction."
> 391 U.S. at 522, 88 S.Ct. at 1777, 20 L.Ed.2d at 784-85.  The Court
> reasoned that executing a death sentence returned by such a jury
> deprives the defendant of his life without due process of law and
> infringes his right to trial by an impartial jury under the Sixth and
> Fourteenth Amendments.  391 U.S. at 518, 88 S.Ct. at 1775, 20 L.Ed.2d
> at 783.

State v. Rhines, 548 N.W.2d 415, 430 (S.D. 1996).

Rhines may exhaust a claim by reference to either "a federal

constitutional case, or a state case raising a pertinent federal constitutional

issue" in proceedings in state court.  Kelly v. Trickey, 844 F.2d 557, 558 (8[th]

15

Cir. 1988). In this matter, Rhines cited to two United States Supreme Court cases that explicitly include the Fourteenth Amendment among the constitutional protections against a jury predisposed toward a verdict of death. J.A. 294, 305-306. The South Dakota Supreme Court indeed recognized the Fourteenth Amendment as one of the grounds insuring to Rhines the right to trial by an impartial jury in a death case, while discussing the <u>Witherspoon</u> decision, one of the decisions cited by Petitioner to the court. <u>State v. Rhines</u>, 458 N.W.2d 415, 430 (S.D. 1996). Judge Schreier did not err in finding that Rhines had exhausted Ground Two(A).

### C. <u>Ground Three of the Petition was Exhausted.</u>

Ground Three of the First Amended Petition stated:

The rights of Mr. Rhines to due process, an impartial jury, and equal protection of the law were violated by the State's calculated and selective use of peremptory challenges to exclude jurors with scruples or reservations about imposition of the death penalty.

The State asserted that the equal protection and Fifth Amendment challenges set forth by this ground were not exhausted. The State raised no exhaustion challenge to Rhines' claim of infringement of his rights to an impartial jury under the Sixth Amendment. Rhines raised in his direct appeal a challenge to the State's calculated and selective use of preemptory challenges, including citation to the cornerstone case of <u>Witherspoon v. Illinois,</u> 391 U.S. 510 (1968). J.A. 306-310.

16

The Fourteenth Amendment protections of due process and equal protection are implicated by the State's calculated and selective use of preemptory challenge to exclude jurors with scruples or reservations about imposing the death penalty. As quoted previously, the Witherspoon case based a reversal of a conviction in Illinois State court on a violation of not only the Sixth Amendment but also the Fourteenth Amendment when prospective jury members were eliminated for cause simply because they voiced general objections to the death penalty or expressed conscientious or religious scruples against its infliction. Witherspoon, 391 U.S. at 519 (1968). The South Dakota Supreme Court recognized that both the Sixth and Fourteenth Amendments were implicated by Rhines' cite to Witherspoon and challenge to the partiality of the jury. State v. Rhines, 548 N.W.2d 415, 430 (S.D. 1996). Judge Schreier did not err in finding that Rhines had exhausted Ground Three.

**D.  Ground Four of the Petition was Exhausted.**

Ground Four of the First Amended Petition stated:

Mr. Rhines' constitutional protection against ex post facto laws, the Eighth Amendment right against cruel and unusual punishment, and rights to due process and equal protection of law were violated by use of victim impact testimony during the penalty phase.

The State asserts that the district court erred in finding the claims in Ground Four based on equal protection and due process to be exhausted. The State has not challenged exhaustion of Rhines' claims of violation of the ex

17

post facto protection of the United States Constitution or the Eighth Amendment of the United States Constitution.

Petitioner, on direct appeal as a part of his argument regarding the victim impact testimony, cited the case of <u>Booth v. Maryland</u>, 42 U.S. 496 (1987), among other authorities. J.A. 313. The South Dakota Supreme Court also cited to the <u>Booth</u> case in its opinion. <u>State v. Rhines</u>, 548 N.W.2d 415 (S.D. 1996). The <u>Booth</u> case, which focuses upon the application of the Eighth Amendment to victim impact statements, stated:

> The prohibitions of the Eighth Amendment apply to the States through the Due Process Clause of the Fourteenth Amendment.

<u>Booth</u>, 482 U.S. at 500 .5.

It is sufficient to exhaust claims that Rhines cite to a provision of the Federal Constitution, <u>or</u> to a case addressing the constitutional basis to the claim, or make a discernable reference to a federal constitutional right. <u>Graham v. Solem</u>, 728 F.2d 1533, 1535-36 (8th Cir. 1984), <u>cert. denied</u>, 469 U.S. 842. In this circumstance, Rhines cited to a federal constitutional case raising the pertinent constitutional issue and referring to the well-established principle that the Fourteenth Amendment extended to apply in state courts the protection of certain parts of the Bill of Rights. That is enough to satisfy the exhaustion requirement. <u>See Kelly v. Trickey</u>, 844 F.2d 557, 558 (8th Cir. 1988).

18

### III.   IF REVIEWABLE, THE DISTRICT COURT PROPERLY GRANTED THE STAY IN LIGHT OF DUNCAN V. WALKER.

### A.   The issue in Rhines' case differs from any prior case decided by this Court.

Rhines' federal habeas petition was filed on February 22, 2000.  J.A. 1. Rhines then filed, pro se, a "Motion to Toll Time" out of concern about the Antiterrorism and Effective Death Penalty Act (AEDPA) one year statute of limitations.  J.A. 28-32.  The State responded asking that the motion "be denied because it is unnecessary, only eight (or fourteen) days having run on the section 2244 one-year statute of limitations."  J.A. 40-41.  The district court agreed with the State and denied the motion as unnecessary. J.A. 43.

During the pendency of Rhines' federal habeas petition, the South Dakota Supreme Court decided that a state habeas petitioner has a right to effective assistance of counsel in the habeas case.  <u>Jackson v. Weber</u>, 637 N.W. 2d 19, 20 (S.D. 2001) ("a person is entitled to effective assistance of counsel under South Dakota law to determine on habeas on one occasion whether he received effective assistance of counsel in the main event").  Rhines believes that his state habeas counsel was woefully ineffective.  Also, during the pendency of Rhines' federal habeas case, the United States Supreme Court decided <u>Duncan v. Walker</u>, 533 U.S. 167 (2001).  The Court in <u>Duncan v. Walker</u>, decided that the one year statute of limitation of the AEDPA, codified

19

at 28 U.S.C. § 2244(d), is not tolled during the pendency of a federal habeas corpus case.

The district court issued its order finding Rhines' petition to be a mixed petition on July 3, 2002. J.A. 223-232. At that point, Rhines' federal habeas petition had been pending for more than 16 months. If Rhines were to have his petition dismissed, he would be forever and finally barred from any federal habeas review under 28 U.S.C. § 2244(d) and Duncan v. Walker, 533 U.S. 167 (2001). That is true, even though Rhines originally had only "eight (or fourteen) days" run against his one year to file, due to his prompt filings in state court. See J.A. 40-41.

In light of Duncan v. Walker, the AEDPA and the circumstances, this is an entirely different setting than the cases on which the State relies—Victor v. Hopkins, 90 F.3d 276 (8th Cir. 1996) and Carmichael v. White, 163 F.3d 1044 (8th Cir. 1998). Rhines recognizes that one panel of this Court does not overrule another panel that has decided precisely the same issue. United States v. Goldman, 228 F.3d 942, 944 (8th Cir. 2000). However, this case does not present the same issue as in Carmichael or Victor.

The petition in Victor v. Hopkins, 90 F.3d 276 (1996), was filed with the district court prior to the enactment of the AEDPA. Id. at 277. The Victor

20

court did not mention, and presumably did not consider, the affect of the AEDPA on its holding.

The AEDPA became law in 1996. One of the provisions of the AEDPA requires the petitioner to file his petition within one year after a state court action becomes final. Before the AEDPA, there was no statute of limitations on federal habeas filings. After the enactment of the AEDPA, a prisoner has just one (1) year to file the petition (excluding any activities which may toll the statute of limitations). This presents an entirely different legal setting than what was discussed and decided in <u>Victor</u> or <u>Carmichael</u>.

The <u>Victor</u> case, however, is noteworthy for other reasons. In <u>Victor</u>, this court held that, under <u>Rose v. Lundy</u>, 455 U.S. 509 (1982), "a mixed petition must be dismissed or the petitioner must elect to proceed on only the exhausted claims." <u>Id</u>. at 283. The court in <u>Victor</u> stated that "the District Court noted in its memorandum and order, and as the State acknowledges on appeal, we have over time, both ordered abeyance and affirmed denial of a requested abeyance in cases where mixed petitions were before the district courts." <u>Id</u>. at 280. In analyzing these various decisions, that court stated that "these eight cases, however, have not clearly presented the precise issue we here decide." <u>Id</u>., at 281. That court concluded that "as far as we can see, this court never squarely has been presented with the precise issue that now is

21

before us in this case." Id., at 282. Likewise, this Court has not squarely been presented with the precise issue that Rhines now presents. That issue is whether, in light of the AEDPA and Duncan v. Walker, a stay is allowable of Rhines' timely filed mixed petition.

The Carmichael case was apparently a post-AEDPA proceeding. Nevertheless, the court did not mention the AEDPA in the decision. As the decision did not mention what affect, if any, the AEDPA had with regard to stays of mixed petitions, it is reasonable to conclude that the issue was not raised before the court. Consequently, it cannot reasonably be argued that the AEDPA issue was squarely presented to this court. Both Carmichael and Victor, of course, were decided before Duncan v. Walker, 533 U.S. 167 (2001).

**B.  Duncan v. Walker suggests that a stay is appropriate here.**

Duncan v. Walker, 533 U.S. 167 (2001) was a 7 to 2 decision. Two concurring justices, Justice Souter and Justice Stevens, explicitly condone what Judge Schreier did in this case. The majority opinion did not address what a court is to do with petitioners, like Rhines, who timely file federal habeas petitions that might be dismissed without prejudice after the limitations period has expired. Id., 121 S.Ct. at 2129. The majority opinion did not reach the issue because the petitioner in Duncan v. Walker had nine months remaining on his one year limitation period and failed to return to state court or file a non-

22

defective federal petition.  Id., 121 S.Ct. at 2129.  Accordingly, the Court concluded that "we have no occasion to address the alternative scenarios that respondent describes.  We also have no occasion to address the question that Justice Stevens raises concerning the availability of equitable tolling."  Id.

Justice Stevens in his concurring opinion in Duncan v. Walker wrote:

> First, although the Court's pre-AEDPA decision in Rose v. Lundy, 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982) prescribed the dismissal of federal habeas corpus petitions containing unexhausted claims, in our post-AEDPA world there is no reason why a district court should not retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies.  Indeed, there is every reason to do so, when AEDPA gives a district court the alternative of simply denying a petition containing unexhausted but nonmeritorious claims, see 28 U.S.C. § 2254(b)(2) (1994 ed., Supp. V), and when the failure to retain jurisdiction would foreclose federal review of a meritorious claim because of the lapse of AEDPA's 1-year limitations period.

Id., 121 S.Ct. at 2130.  Justice Souter's concurring opinion stated:

> Although I join the Court's opinion in full, I have joined Justice Steven's separate opinion pointing out that nothing bars a district court from retaining jurisdiction pending complete exhaustion of state remedies, and that a claim for equitable tolling could present a serious issue on facts different from those before us.

This case presents "facts different from those" in Duncan v. Walker, in that Rhines has been conscientious and timely in his habeas filings.  Only 8 to 14 days had run on his one year limitation, by the State's own calculation, when he filed his federal habeas petition.  J.A. 40-41; J.A. 1.

**C.  After <u>Duncan v. Walker</u>, courts of appeals have authorized staying federal habeas petitions.**

Since the 2001 decision of <u>Duncan v. Walker</u>, all courts of appeals confronting the issue have allowed district courts to stay federal habeas petitions.  See <u>Nowaczyk v. Warden, New Hampshire State Prision</u>, 299 F.3d 69, 79-80 (1st Cir. 2002); <u>Delaney v. Matesenz</u>, 264 F.3d 7, 15 n.5 (1st Cir. 2001); <u>Zarvela v. Artuz</u>, 254 F.3d 374, 380 (2nd Cir. 2001); <u>Griffin v. Rogers</u>, 308 F.3d 647 (6th Cir. 2002); <u>Palmer v. Carlton</u>, 276 F.3d 777, 781 (6th Cir. 2002); <u>Newell v. Hanks</u>, 283 F.3d 827 (7th Cir. 2002); <u>Ford v. Hubbard</u>, 305 F.3d 875, 882-884 (9th Cir. 2002); <u>Neverson v. Bissonnette</u>, 261 F.3d 120, 126 n.3 (1st Cir. 2001).

The trend is overwhelming in favor of allowing district courts to stay a federal habeas petition under circumstance like these faced by Rhines.  As one court recently put it:

> Indeed, there is a growing consensus that a stay is <u>required</u> when dismissal could jeopardize the Petitioner's ability to obtain federal review.

<u>Nowaczyk</u>, 299 F.3d at 79.

This Court likewise has recognized that district courts have the power of tolling; an alternative power noted by Justice Stevens and Souter as available to district courts to deal with unjust effects of <u>Duncan v. Walker</u>.  See <u>Kreutzer v.</u>

24

Bowersox, 231 F.3d 460, 463 (8th Cir. 2000); Hatcher v. Hopkins, 256 F.3d 761 (8th Cir. 2001).

The rationale for staying a federal habeas corpus case in light of AEDPA and Duncan v. Walker is explained thoroughly in Zarvela v. Artuz, 254 F.3d 374 (2nd Cir. 2001). In discussing the rule of Rose v. Lundy, the Zarvela court stated:

> That direction was given before Congress significantly altered habeas corpus procedure by imposing a one year statute of limitations and sharply limiting the grounds for second or successive petitions. After AEDPA, the procedure for accomplishing complete exhaustion merits reconsideration for several reasons.

Id. at 379. As for those "several reasons," the Zarvela court stated:

> As to its reasons, the Court stated:

> ". . . the enactment of AEDPA has altered the context in which the choice of mechanics for handling mixed petitions is to be made. Before AEDPA, there was no statute of limitations. In that context, Justice O'Connor could write, "Our interpretation of §§ 2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." Id. at 520. With unlimited time, a prisoner could leisurely consider all possible federal claims and develop state court writs to exhaust them. After AEDPA, the prisoner has just one year. If he mistakenly comes to federal court too soon, i.e., with one or more unexhausted claims, and does so late in the allotted one year, a dismissal of his mixed petition risks the loss of all of his claims because the one year limitations period will likely expire during the time taken to initiate state court exhaustion and a return to federal court after exhaustion is completed.

25

Id.  As for why the principles of <u>Rose v. Lundy</u> are served by a stay of a federal habeas corpus petition to allow an inmate to return to state court, the <u>Zarvela</u> court stated:

> It would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.  Federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.
>
> . . . Staying the exhausted claims would be a traditionally way to "defer" to another court "until" that court has had an opportunity to exercise its jurisdiction over a habeas petitioner's unexhausted claims.

<u>Id</u>. at 379-380

The <u>Zarvela</u> court noted its concern that a petitioner could take an undue amount of time to pursue state court remedies.  In <u>Zarvela</u>, the court required that the petitioner exercise "reasonable diligence" in filing his state court claim. In Rhines' case, the district court required reasonable diligence by allowing Rhines just sixty days to file the claim, and sixty days to return to the federal court after his claim was disposed of by the state court.  J.A. 230-232; Rhines Add. at 8-10.

The State also argues that this approach will result in undue delays and repetitive filings.  The <u>Zarvela</u> court dealt with that same argument as follows:

> However, the concern about excessive delays in seeking exhaustion and returning to federal court after exhaustion can easily be dispelled by

26

allowing a habeas petitioner no more than reasonable intervals of time to present his claims to the state courts and to return to the federal court after exhaustion.

Id. at 381.

Additionally, the State argues that an intelligent petitioner can work the system by requesting a stay at the federal level, returning to state court with one issue, coming back to the federal court with another unexhausted issue, requesting an additional stay, returning to state court, and on and on. Such a concern is meritless in the real world. First, it assumes that a petitioner could continually return to the state court. Most state courts have a type of "cause and prejudice" hurdle that a petitioner must overcome. Second, the State's argument overlooks that a stay is a type of equitable relief, which depends on the facts as to whether it should be granted. A district court can easily determine whether a petitioner has used "reasonable diligence" to present all of the issues known to him on his return to state court, or whether he is attempting to work the system. A district court retains the power to revoke or shorten the stay. There would have to exist a very unusual set of circumstances for a district court to grant a second stay.

Under the AEDPA and in light of Duncan v. Walker, the district court's grant of a conditional stay was appropriate. Every court of appeals that has considered the issue since Duncan v. Walker apparently has agreed that a stay

27

under these circumstances is proper. The facts of this case clearly warrant the district court's use of its equitable powers in granting the stay.

## <u>CONCLUSION</u>

Rhines requests that the Court find that the collateral order doctrine does not extend jurisdiction to consider the issues presented by the State on this appeal. Alternatively, Rhines requests that the Court uphold the rulings of Judge Schreier on what claims are exhausted and uphold Judge Schreier's grant of a conditional stay in light of <u>Duncan v. Walker</u> and the circumstances of this case.

Dated at Sioux Falls, South Dakota, this 11th day of December, 2002.

DAVENPORT, EVANS, HURWITZ &
SMITH, L.L.P.

_____
Roberto A. Lange
206 West 14th Street
PO Box 1030
Sioux Falls, SD 57101-1030
Telephone: (605) 336-2880
Facsimile: (605) 335-3639

28

STUART, GERRY & SCHLIMGEN,
Prof. LLC


_____

John A. Schlimgen
507 West 10th Street
P. O. Box 966
Sioux Falls, SD  57101-0966
Telephone:  (605) 336-6400
Facsimile:  (605) 336-6842
*Attorneys for Petitioner/Appellee*
*Charles Russell Rhines*


## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Petitioner/Appellee, hereby certifies that two true and correct copies of the foregoing "Appellee's Brief" and a computer diskette containing Appellee's Brief were served upon:


Mark Barnett
Craig M. Eichstadt
Office of the South Dakota Attorney General
500 E. Capitol Avenue
Pierre, SD  57501-5070

by First Class Mail on December 11, 2002.  The undersigned further certifies that the original and nine copies of said "Appellee's Brief" were sent by overnight delivery to the Clerk of the United States Court of Appeals for the Eighth Circuit this 11th day of December, 2002.


_____

Appellate Case: 02-2990     Page: 39     Date Filed: 12/12/2002 Entry ID: 1590431

# **ADDENDUM**

## **ORDER OF DISTRICT COURT DATED JULY 3, 2002**

Appellate Case: 02-2990    Page: 40    Date Filed: 12/12/2002 Entry ID: 1590431